Good morning, Your Honor. It's Donald Cook for the plaintiff, Mr. Tucker. The issue in this case is whether Mr. Tucker will ever have his claim that Municipal Code Section 55.10 is unconstitutional. I've got his complaint in front of me, and I don't see where he ever claimed that. He claimed in the complaint filed in Superior Court that it violated state law, his arrest violated state law, and he argued in the trial court that 55.1 was preempted by federal law. The trial court never reached that issue. That was in Superior Court? Well, no. The case was removed from Superior Court to Federal Court. He argued in the Federal Court. I have his Central District of California First Amendment complaint here, and I don't see anywhere where he... Look at paragraph 7. Defendant and DOES are alleged to have maintained or permitted an official policy or custom. Is that... Correct. Where does he allege the statute? Well, he doesn't allege it specifically in a complaint. He's not required to. It's notice of pleadings in Federal Court. But throughout the pleadings, in opposition to summary judgment motions, in argument to the trial court, he argued at length, we argued at length, that 55.10 was preempted by state law. Has 55.10 mentioned at all in the complaint? I don't recall. I don't know. I've looked. I can't find it. I don't see anywhere where he's alleged that this section is unconstitutional. I would submit it's covered by the paragraph 7 where he states that he was arrested pursuant to an unconstitutional policy, practice, or custom, a municipal ordinance enacted by the city that violates the law. What you just said is not what he's written here. I'm... Let me just address another point. I don't know what he's written. But the district court in its order, while it didn't mention the statute, which was not in the complaint, did rule that all claims were denied. Isn't that right? And you said that that complaint was made in the district court and it didn't consider it. Well, a court doesn't have to write anything. The court just denied the claim. Isn't that true? The court actually dismissed with prejudice the state law claims before the prior appeal. And then this court, in the previous appeal, reinstated the state law claims. I know, but I'm going back again. The district court dismissed all claims in this action. Isn't that right? True, but the state law... All right. You said yes. Yes. Didn't mention the knife business. Correct. There was never any... You haven't appealed. All you've said is he didn't say anything about it. That's not an appeal of the final order, is it? Well, we have appealed the final order. In the previous appeal... You haven't briefed the issue before. You've just said the district court didn't decide it. You haven't briefed the constitutional issue. We did not address it. I briefed the constitutional issue in this appeal. The reason we didn't brief it is because the district court, in its most recent dismissal, simply made clear it was dismissing the claims because it found that the finding of probable cause to arrest, which we're not disputing here, precluded any other litigation of any further claims in this case, and therefore it dismissed the claims. That was the most recent final ruling by the district court. That was the basis for the dismissal. And our point is that the finding of probable cause to arrest, that is that Officer Moeller saw a substantial portion of the knife in plain view, thereby giving him probable cause to arrest under municipal code section 55.10, does not adjudicate the constitutionality of 55.10. That's our point. Well, the district court dismisses all claims. The district court has adjudicated every one of the claims. And if you disagree with the district court, said anything about it, after all, the district court can say, I dismiss all claims and say nothing. When you appeal, you have to say, I'm appealing because the district court dismissed this claim and it was error and here's why, and give us a citation why the district court was wrong. You haven't done that in this case. The district court didn't just say, if I may. Hold on a second. The judgment here. The district court stated, I'm looking at the final, the judgment granting, the motion for summary judgment is at the appellant's excerpt of record, pages 34 through 36. And the court at page 35 finds that we're barred by law of the case from litigating the issue of probable cause and law of the case negates plaintiff from relitigating the issues of probable cause for all the derivative state law claims. And that the state law claim of 52.1 is duplicative of the federal claim. And since the federal claim against Mueller failed, so too does the 52.1 claim. So that's the district court's reasoning. And we're saying that that reasoning does not account for the constitutional challenge to 55.10, whether it's preempted by state law. So this is not just a case where the court says, I dismiss all claims and implicitly adjudicates our constitutional challenge against us. The issue of the constitutionality of 55.10 is a very serious issue, right? Under this municipal ordinance, you cannot buy a knife and walk out of the store and not commit a crime. If you carry it concealed on your person, as the municipal code would essentially require you to do, you violate state law. If you carry it exposed, then you violate the municipal code section. That's never been adjudicated as to whether that preempts state law. If the federal court is unwilling to do it, and there are sound reasons for a federal court to defer to state court on an issue like this, fine. Then remand it to the state court. That's why I'm puzzled that the ordinance that you think is the linchpin of this is not mentioned anywhere in your complaint. Well, you know, in light of your question, I wish we had it in the complaint. The best answer I can give you right now is that this issue was extensively litigated back and forth. And so as to the issue of whether or not the court, the other side, was on notice, I mean, they were on notice. We argued it in the previous appeals. We argued the trial court. But I mean, here you're saying, gee, the judge didn't rule on our claim, and then I don't find the claim in here. So it's kind of hard to criticize the judge for not ruling on it if it's not in the complaint. Well, it was in the papers. It was argued extensively. The city takes the position that it was argued and properly disposed of, not on the basis that your Honor raises. So I would submit that the fact that it's not specifically mentioned in the complaint is not a matter of consequence in this particular appeal. Did you want to reserve some time for rebuttal? Yes, I would. Thank you. Thank you, Mr. Cook. We'll hear from the appellee. Good morning. Good morning, Your Honors. Amy Field on behalf of Defendant Anna Pelley, City of Los Angeles. Probably pull the mic a little bit down, I think. Not that far down. Not that short. Try that. Okay. I think the Court is correct that a key factor is that this theory was never pled in the complaint. But I think even more fundamental than that is the question of whether plaintiff even conceivably could challenge the constitutionality of this local ordinance in a state law damages claim for false arrest. And on this point, I think the statutes are quite clear. You don't really want us to decide the merits, do you? No, I don't, Your Honor. And I don't think the Court can. Okay. In the context of a state law damages claim for false arrest. And I think the reason why the Court can't is because the officer and the city clearly have immunity from damages under Government Code 821.6 and 815.2. I think you ought to, if you're going to be making that argument, you'd better think about the Grossman case. Are you familiar with it? I'm familiar with the Grossman case. And I think in the Grossman case, the difference there was the constitutionality of the ordinance was challenged in a 1983 Monell claim. We don't have that before the Court right now. We're left with a state law damages claim for false arrest. That's it. And I think that's a very key difference. In Grossman, it was alleged that the arrest was unconstitutional because the ordinance was unconstitutional. That's correct. In our case, it's alleged that the arrest was unconstitutional because of a lack of probable cause. Isn't that the difference? Well, that's another difference, too. I guess I'm just giving appellant and the benefit of the doubt that, you know, whether in theory this could ever be raised in the context of this kind of claim. And I think the answer is no. But I think taking a couple of steps back, the Court is correct. What was alleged here in this complaint was it was an arrest that was not supported by probable cause. Well, they also allege that the defendants, meaning the city and the officer, maintained and permitted an official policy, custom, or practice. That's correct, Your Honor. And that again goes to their Section 1983 Monell claim, which is gone now. That's not what's before the Court. So I'm not really clear on what the Court's asking. I mean, I think the Court's asking it is have they adequately pled it, and I would say no. Well, that's the question. Is that an adequate pleading? Well, I think the Court's asking, it seemed in Grossman, even though it was in 1983, what they were saying, the fact that the officer is going to get immunity doesn't give immunity to the municipality if, in fact, there's an unconstitutional policy practice. In the context of 1983, where there's no respondeat superior liability, but we're talking about a State law claim, and all the State law claims are governed by statute. And by statute, neither the officer or the city can be liable for damages, even if you were to assume that the ordinance was unconstitutional. And that's why I'm saying the Court doesn't need to and cannot reach this issue. But what I'm suggesting to you is that the statute may be unconstitutional if it is validating a practice by the municipality that's unconstitutional, federally unconstitutional. They just can't do that. And then plaintiff needs to find an avenue to raise this challenge, and my point is that this is not the appropriate avenue to raise this challenge. I'm not really sure what would have been perhaps a claim for injunctive relief under State law. Suppose they had alleged he didn't. But suppose he had alleged this arrest was unconstitutional because the statute itself is unconstitutional. Couldn't he do that? On his State law claims? Well, either State law or 1983. I think on the State law claims, definitely no. On the 1983 as to the officer, I think under Grossman and all the cases that, you know, we cited in the second appeal, the officer would be immune, but there might be a question of municipal liability. I mean, if he had pled the case the way I just suggested, then we'd be governed by Grossman. The federal claims. Yeah. But not the State law claims. Am I right that this appeal comes from the order of granting summary judgment, which was dated, I think, November 13th, but filed November 20th, 1988? No. This was the more recent one. I believe this is this case's third trip to the Ninth Circuit. What's the more recent order, then? I think it was within the last year. If I may insist. Counsel is showing me something dated January 9th, 2004, and that sounds about right to me, too. I was showing her page 34 of the exert record. Well, the notice of appeal says it's appealing from the judgments of January 9 and January 13, 2004. That's right. I think one says towards the officer and one towards the city. It raises the granting of summary judgment, doesn't it? That's correct. And then the granting of summary judgment, as I read it, the court said the motion for summary judgment of the city of Los Angeles is it relates to all plaintiff's claims and theories of this case. I think what the court was saying was all remaining claims. You have to speak louder. I think what the court was saying was all remaining claims, and the remaining claims were the state law false arrest claims. Unless the court has any further questions, I'll submit on my brief. Thank you very much, Ms. Field. Mr. Cook, back to you. I think it's pretty obvious that the Appalachian Council is picking up on Judge Silverman's point about the pleading. Look, in their brief, the city, page two of their brief states that the appeal boils down to a simple issue. May Tucker recover damages based on his theory he was arrested to, pursuant to a purportedly unconstitutional city enacted ordinance. My point being, Judge Silverman, is that whatever defect you may see in the complaint in failing to specify the unconstitutionality specifically at 55.10, it was a defect, if it be a defect, that has been waived by the city. They know what the issue was that we were arguing. They argued against it. If the complaint should have alleged it, then the remedy here is, okay, let us amend the complaint to specifically allege it. But there was never any prejudice. Yes, we need an appropriate avenue to address the constitutionality of the state law claim. That's why we originally filed this complaint in state court, and they removed it. The constitutionality of 55.10 has not been addressed. Engrossment is the case on point. And if there's any defect in the pleading, it can be amended, and I would submit should be amended given the record in this case. Thank you. Thank you, Mr. Cook, Ms. Field. Thank you. The case is discharged. It is submitted.
judges: Bright , B. Fletcher, Silverman